UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Duffy, et al., <br><br>              Plaintiffs, <br><br> v. <br><br> Riveland, et al., <br><br>              Defendants. | NO. 92-cv-1596 <br><br> ORDER DENYING GARY BAU'S MOTIONS TO REOPEN AND FOR APPOINTMENT OF COUNSEL |

    The court is in receipt of a number of pleadings filed by Gary Bau, an inmate at the Stafford Creek Corrections Center in Aberdeen, Washington. In particular, the court has identified a Motion to Reopen and a Motion for Appointment of Counsel. Mr. Bau filed his pleadings in the above-captioned case, which was originally filed in 1992 as a class action. That case was subsequently settled and dismissed on August 31, 1998 pursuant to a stipulated agreement.

    The court first notes that by the terms of the settlement agreement, and taking as true Mr. Bau's allegations regarding his hearing impairment, Mr. Bau is in fact a member of the class in this case, which is defined to include the named plaintiffs "and all deaf and hearing impaired prisoners . . . who are now, or who will in the future be, in the custody of the [Department of

ORDER
Page – 1 –

1  Corrections]." June 3, 1998 Settlement Agreement, *Duffy v. Rivas*,
2  at 2:23-26.

3      Moreover, by the terms of the agreement, this court retained
4  limited jurisdiction over this case. The agreement provides "this
5  settlement agreement may be enforced by appropriate motion in
6  this court," provided certain conditions have been met, including
7  "notice and an opportunity to correct alleged deficiencies." *Id.*
8  at 4:5-8. The agreement also requires the parties to first
9  attempt to resolve their disputes without court intervention. *Id.*
10 at 4:8-10.

11     Nevertheless, the court notes at least two problems with Mr.
12 Bau's attempt to "enforce" the agreement or reopen this case.
13 First, he has failed to allege that the conditions provided for
14 in the agreement have been met, i.e. that he and the DOC have
15 "reasonably attempted to confer and resolve their disputes . . .
16 through meetings and non-binding mediation." *Id.* at 4:8-10.

17     More importantly, Mr. Bau has failed to allege facts amount-
18 ing to a DOC violation of the agreement. Under the agreement, the
19 DOC was required, "for a three year period," to provide to
20 plaintiffs' counsel various documents regarding policies directed
21 towards hearing impaired prisoners. That three-year period is
22 undeniably over. In addition, the agreement does not prescribe
23 whether or how the policies provided for in the DOC documents are
24 to be carried out, on either a system-wide or individual basis.
25 The agreement only requires the DOC to deliver copies of those
26 documents to plaintiffs' counsel. Even if Mr. Bau had alleged

1  failed attempts at mediation, therefore, enforcement of the
2  settlement would not produce the effects that the court gathers
3  Mr. Bau seeks. To the extent Mr. Bau believes he has claims to
4  pursue under 42 U.S.C. § 1983 or any other provision of law, he
5  must pursue them by filing a new complaint.

6      Mr. Bau also requests appointment of counsel. As noted
7  above, the court no longer has jurisdiction in the above-cap-
8  tioned case. Without passing judgment on the merits of this
9  request, the court notes that unless or until Mr. Bau files a
10 complaint of his own, the court is without authority to grant (or
11 for that matter, deny) his request for appointment of counsel.

13     Dated at Seattle, Washington this 29th day of December, 2006.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3 -