UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SEAN G. DUFFY, ET AL. | ) | |
| | ) | |
| *Plaintiff*s, | ) | CASE NO.    92-cv-1596 |
| | ) | |
| v. | ) | |
| | ) | ORDER STRIKING MOTION FOR |
| CHASE RIVELAND, ET AL. | ) | ORDER TO COMPLY AND ORDERING |
| | ) | MEDIATION |
| | ) | |
| *Defendants*. | ) | |

## I.    INTRODUCTION

This matter comes before the court on B.D. "Buddy" Cochran's Motion for Order to Comply. Mr. Cochran filed this motion in the above-captioned case, *Duffy, et al. v. Riveland, et al* ("*Duffy v. Riveland*"). *Duffy v. Riveland* was a class action brought in 1992 on behalf of "[a]ll inmates incarcerated in Washington State Department of Corrections (DOC) facilities now or in the future who are deaf or whose hearing impairment substantially limits a major life activity." June 3, 1998 Settlement Agreement, *Duffy v. Riveland,* at 2. It was settled and dismissed on August 31, 1998, pursuant to a June 8, 1998 Stipulation and Order (the "Stipulation and Order")

and Settlement Agreement. The Settlement Agreement required, among other things, the implementation of a DOC policy governing the accommodation of hearing-impaired prisoners. June 3, 1998 Settlement Agreement, *Duffy v. Riveland,* at 3. This policy, which was originally referred to as Disabled Offenders Policy 490.050, has been revised several times in the past 12 years, but currently exists in a substantially similar form. It is now known as the Offenders with Disabilities Policy 690.400, and it covers the obligations of the DOC towards offenders with a wide range of disabilities.

Mr. Cochran, a hearing-impaired inmate of the Coyote Ridge Correction Center ("Coyote Ridge"), alleges that he is a member of the *Duffy v. Riveland* class, and that the DOC is not in compliance with the Settlement Agreement. According to Mr. Cochran, he was previously housed at Monroe Correction Complex ("Monroe"), where he had the use of a pager to assist him in responding to announcements made over the public address system or from the living unit booth officer. Mr. Cochran alleges that at the request of DOC, and with the assurance that he would have access to the same type of pager system, he voluntarily relocated to Coyote Ridge. Upon his arrival, however, Mr. Cochran discovered that the Coyote Ridge facility lacked a paging system. Mr. Cochran alleges violations of the settlement agreement in this case, as well as of DOC policy, and requests injunctive relief requiring the DOC to install a paging system at Coyote Ridge.

The court issued a Minute Order requesting briefing from the DOC. The Attorney General of Washington filed a response on behalf of the DOC, explaining that DOC attempts to install a pager system like the one available to hearing-impaired inmates in Monroe have been unsuccessful due to the geographical location of the Coyote Ridge facility and the unavailability of a vendor with an adequate signal to maintain such a system. Defendants' Response to

Plaintiff's Motion to for Order to Comply at 6. The DOC argues that: (1) the court lacks jurisdiction to consider Mr. Cochran's Motion because the terms of the Settlement Agreement expired on June 3, 2001; (2) the motion is late and improper under Fed. R. Civ. P. 60; (3) Mr. Cochran failed to exhaust all his administrative remedies; and (4) in any event, the DOC is in compliance with the terms of the Settlement Agreement. The DOC also argues that Mr. Cochran is not entitled to injunctive relief.

On October 21, 2010, Columbia Legal Services filed a response in its capacity as co-counsel to the Plaintiff class in *Riveland v. Duffy*, but professed a lack of information as to Mr. Cochran's specific circumstances. Columbia Legal Services responded in order to object to two of the DOC's arguments. First, Columbia Legal Services disputes the DOC's allegation that the terms of the Settlement Agreement expired on June 3, 2001. Second, Columbia Legal Services asserts that the court's jurisdiction over this matter is ongoing.

Finally, Mr. Cochran filed a letter that he sent to Columbia Legal Services. The court will consider this letter to be a reply in support of his original motion. In the letter, Mr. Cochran outlines certain factual issues that were not included in his motion. First, Mr. Cochran explains that due to background noise not present at his former facility, he is unable to hear on the standard offender telephone system used at Coyote Ridge. He is apparently reduced to using the speakerphone option on a counsellor's telephone in order to speak with family members. He indicates that he has made inquiries at Coyote Ridge about the possibility of acquiring a TTY system, but that no action has been taken. Second, Mr. Cochran states that he has written to Secretary of the Washington Department of Correction, Eldon Vail, and requested transfer back to Monroe.

## II.    DISCUSSION

It is undisputed that Mr. Cochran is a member of the *Duffy v. Riveland* class, which includes "[a]ll inmates incarcerated in Washington State Department of Corrections (DOC) facilities now or in the future who are deaf or whose hearing impairment substantially limits a major life activity." Stipulation and Order at 3. By the clear terms of the Settlement Agreement, the court retains limited jurisdiction over this case. "This settlement agreement may be enforced by appropriate motion in this Court by Plaintiffs or Defendants after: (1) reasonable notice and an opportunity to correct alleged deficiencies; and (2) the parties have reasonably attempted to confer and resolve their disputes under this agreement through meetings and non-binding mediation." Settlement Agreement at 4. *See also* Stipulation and Order at 3.

The parties have certainly taken some action in this regard. Mr. Cochran alleges that he wrote to Secretary Eldon Vail to complain about conditions at Coyote Ridge, and that staff at the facility were subsequently made aware of the letter and his concerns. Motion to for Order to Comply at 3. Mr. Cochran claims to have informed Secretary Vail that the DOC was acting in violation of the Americans with Disabilities Act ("ADA"), the Settlement Agreement and the DOC policy at issue. Motion for Order to Comply at 3.  According to Mr. Cochran, in response to this letter, the DOC held a conference at Coyote Ridge which was attended by prison authorities, as well as the ADA Coordinator for Coyote Ridge. Mr. Cochran states that the Deaf and Hearing-Impaired Coordinator from Monroe participated by telephone. Motion for Order to Comply, at 3. In addition, Mr. Cochran informs the court that he has requested that DOC transfer him back to Monroe.

However, it is apparent that the parties have not complied with all the jurisdictional requirements of the Settlement Agreement, which requires "a reasonable attempt "to confer and

resolve . . . disputes under this agreement through meetings and non-binding mediation." Settlement Agreement at 3. Although the letter to Secretary Vail resulted in the above-referenced meeting at Coyote Ridge, the parties have failed to participate in the required non-binding mediation.

Therefore, the court hereby ORDERS the parties to arrange for and participate in non-binding mediation as required by the Settlement Agreement. This mediation shall be completed no later than April 29, 2011. The court also ORDERS the DOC to provide the mediator and the court with a Mediation Brief and supporting affidavits providing the following:

(1) an overview of the types of accommodation provided to hearing-impaired inmates of the DOC at its various facilities; and

(2) an explanation of whether the DOC is willing to honor Mr. Cochran's request to be transferred back to Monroe, or the reasons for such refusal.

Finally, the court STRIKES the Motion for Order to Comply with leave for Mr. Cochran to ask the court to reinstate the motion if the mediation is not successful in addressing his concerns.

DATED this 30th day of March, 2011.

/s/ Barbara J. Rothstein
Barbara Jacobs Rothstein
U.S. District Court Judge